STURGIS, Judge
(dissenting).
My examination of the evidence leads me to the inescapable conclusion that it is only by improperly building inference on inference that the jury in this case could find the defendant guilty of any negligence proximately resulting in the injury to plaintiff; further, that the positive evidence adduced on behalf of plaintiff conclusively demonstrates contributory negligence on his part. On either basis, the trial court’s decision to direct a verdict for defendant was correct.
There is no evidence from which the jury might have lawfully concluded that defendant was exceeding the speed limit, that he usurped that part of the country road occupied by the wagon in which plaintiff was riding prior to the accident, or that any act of omission or commission on defendant’s part proximately contributed to plaintiff’s injury. There is no “centerline” on the road and, assuming one had existed, it is not affirmatively shown that defendant’s position on the road with respect thereto was a proximate cause of the accident.
I am nonplussed by the effect which the majority ascribes to the quoted remarks of the trial judge. The first and second sentences thereof:
“Well, I nearly granted your motion the other day, but there is a whole lot of facts here today, other than the other day. This man Givens has testified today absolutely different from the affidavit he gave several days ago, in two or three instances.”
seem to me to have been addressed directly to counsel for defendant; and the remainder thereof:
“He said the accident happened in front of his house. I am inclined to grant the motion, Mr. Belser. I don’t think there is anyproof of negligence on the part of this defendant. I will allow you to take a non-suit.”
is clearly susceptible to be interpreted as conveying the court’s conclusion that notwithstanding the variances in testimony on the part of witness Givens, the plaintiff had failed to make out a prima facie case of liability.
I therefore dissent.